Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| ÁNGEL ORLANDO RIVERA MEDINA<br><br>Peticionario<br><br>EX PARTE | KLCE202400210 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm. CG2023CV03145<br><br>Sobre:<br>Petición de orden Eliminación de Registros de ofensores sexuales |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2024.

I.

El 26 de abril de 1989, tras ser enjuiciado y hallado culpable en tres cargos de *Second Degree Sexual Assault*[1]*,* el Sr. Ángel Orlando Rivera Medina fue sentenciado por un Tribunal estatal de Wisconsin a cumplir pena de ocho (8) años de reclusión por cada cargo. Además de cumplirse de forma concurrente entre sí, se le ordenó que, comenzando el mismo mes en que se le relevó de supervisión, notificara al Departamento de Justicia todos los años, por un periodo de quince (15) años, su dirección residencial, de escuela y trabajo, así como el tipo de trabajo que se encontrare realizando.

El 3 de diciembre de 1991, la *Wisconsin Parole Commission* expidió la notificación de la liberación de Rivera Medina de su institución correccional. El 8 de enero de 1992 se le autorizó a seguir cumpliendo su *Sentencia* bajo libertad supervisada en Caguas, Puerto Rico, por un periodo de cinco (5) años y tres (3) días. A partir del 7 de enero de 2003 Rivera Medina se inscribió en el Registro de Ofensores Sexuales de Puerto Rico hasta enero 2023.

---

[1] Wi. Stat. § 940.225(2)(5).

Número Identificador

SEN2024_____

El 19 de septiembre de 2023 Rivera Medina presentó ante el Tribunal de Primera Instancia *Solicitud para Eliminar* [*su*] *Nombre del Registro de Ofensores Sexuales*. Argumentó que, toda vez que la Ley Núm. 28 del 1 de julio de 1997, conocida como la ley Para Crear un Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores y Enmienda, se aprobó con posterioridad a la fecha en que él extinguió su *Sentencia*, no estaba obligado a registrarse, según los parámetros del aludido estatuto.

Mediante *Moción en Oposición a Eliminación de Inscripción en el Registro de Ofensores Sexuales* de 2 de noviembre de 2023, el Ministerio Público se opuso al remedio solicitado por Rivera Medina, debido a que este no había certificado que cumplió con su Libertad a Prueba. Acogido dicho planteamiento, el 16 de noviembre de 2023, notificada el 5 de diciembre de 2023, el Tribunal de Primera Instancia dictó *Resolución* denegando la *Solicitud para Eliminar el Nombre del Registro de Ofensores Sexuales* y ordenó el cierre y archivo del caso.

El 14 de diciembre de 2023, Rivera Medina presentó *Solicitud de Reconsideración a Petición para Eliminar el Nombre del Registro de Ofensores Sexuales*. Expuso la forma en que cumplió su *Sentencia* de ocho (8) años, incluyendo la parte de libertad supervisada. Señaló que, comenzó a cumplir su *Sentencia* el 20 de junio de 1989 en el estado de Wisconsin y que, el 7 de enero de 1992,[2] continuó cumpliendo la misma en Caguas, Puerto Rico, bajo libertad supervisada. A esa fecha, le restaban cinco (5) años y (3) días para extinguirla. Explicó, que, cumplida su *Sentencia* y extinguida su condena el 11 de enero de 1997, no tenía la obligación de registrarse cuando entró en vigor la Ley Núm. 28 del 1 de julio de 1997 (Ley Núm. 28-1997)[3]. Esta vez incluyó como evidencia el documento *Information Request/Transmittal* del

---

[2] Nótese que del Anejo de la página 9 titulado *Inmate Release Authorization* surge que la fecha de liberación o "actual date of release" fue el 8 de enero de 1992.
[3] 4 LPRA § 535 et seq.

Departamento de Corrección de Wisconsin. En el mismo consta que "The above-referenced client was discharged on January 11, 1997"[4].

A pesar de lo anterior, el 16 de enero de 2024, el Ministerio Público reiteró su oposición a que se excluyera a Rivera Medina del Registro. Mencionó que, la *Sentencia* impuesta en el estado de Wisconsin le obligó a registrarse por quince (15) años a partir de 1992. Ello así, a la fecha de la aprobación de la Ley Núm. 28-1997, Rivera Medina tenía la obligación de registrarse en su estado de origen.

Declarada No Ha Lugar su *Reconsideración,* así como una *Moción Urgente en Solicitud de Resolución Fundamentada,* el 20 de febrero de 2024 Rivera Medina recurrió ante nos. Señala:

> Erró el TPI al denegar la petición de eliminación de datos del señor Rivera Medina del Registro de Ofensores Sexuales, a pesar de haber caducado el doble del término de los 10 años requeridos por la Ley 28-1997[5], según enmendada por la Ley 266-2004[6], en fiel cumplimiento y rehabilitación.

> Erró el TPI al denegar la petición de eliminación de datos del señor Rivera Medina del Registro de Ofensores Sexuales, a pesar de que, al momento de trasladarse a Puerto Rico en libertad a prueba, no existía la obligación de inscripción porque no existía Registro de Ofensores Sexuales en esta jurisdicción.

> Erró el TPI al denegar la petición de eliminación de datos del señor Rivera Medina del Registro de Ofensores Sexuales, cuando la Ley 28 de 1997, Ley 266 de 2004 y 243 de 2011, excluyen claramente al Sr. Rivera Medina de la inscripción por haber extinguido su sentencia antes de nacer la obligación registral.

El 22 de febrero de 2024 ordenamos al Ministerio Público mostrar causa por la cual no debíamos expedir el auto *Certiorari.* El 27 de febrero de 2024, notificada el 12 de marzo de 2024, ordenamos al Tribunal recurrido (Hon. Carballo Nogueras) fundamentar su determinación del 19 de enero de 2024.

El 18 de marzo de 2024, el Tribunal de Primera Instancia emitió y notificó una *Resolución* en la que consignó los fundamentos por los cuales declaró No Ha Lugar la *Solicitud de Eliminación del Registro de Ofensores*

---

[4] Véase Anejo de la página 30.
[5] 4 LPRA § 535 et seq.
[6] 4 LPRA § 536 et seq.

*Sexuales.* Expuso que, al momento de extinguir su *Sentencia,* Rivera Medina se encontraba sujeto a la obligación de mantenerse inscrito en el Registro de Ofensores Sexuales por quince (15) años, conforme al dictamen del tribunal de Wisconsin. Añadió que, el trasladado a nuestra jurisdicción no le eximió del cumplimiento de dicho requisito, toda vez que, estando sujeto a la supervisión del Departamento de Corrección y Rehabilitación local, se requirió su inclusión en nuestro Registro de Ofensores Sexuales. Además, por la naturaleza del delito cometido por Rivera Medina (*Second Degree Sexual Assault* (948.02)[7]), y por ser "similar" al Art. 130(a) de nuestro Código Penal[8], este se categoriza como Ofensor Tipo III según la Ley Núm. 243-2011[9], por lo que debía permanecer de por vida en el Registro de Ofensores Sexuales de nuestra jurisdicción.

Por su parte, el 25 de marzo de 2024, compareció el *Procurador en Escrito en Cumplimiento de Orden.* En su escrito, el Procurador General aceptó que Rivera Medina **cumplió su pena antes de que se aprobara la Ley Núm. 28-1997**[10] y, por ende, antes que naciera la obligación estatutaria de registrarse. Ante ello, nos solicitó que dictásemos el pronunciamiento que correspondiera en Derecho. Procedemos a así hacerlo.

II.

La obligatoriedad de la ley es un principio fundamental para la estabilidad de nuestro ordenamiento jurídico. Acorde con ello, el Art. 7 del Código Civil de 2020, establece que la ley no obliga sino hasta que sea promulgada y publicada en la forma determinada por la Constitución y como dispone la ley[11]. Este artículo es aplicable a las disposiciones de carácter civil, como lo es la Ley Núm. 28, aprobada el 1 de julio de 1997 (Ley Núm. 28-1997), la cual creó el Registro de Personas Convictas por Delitos Sexuales

---

[7] Wisconsin Statutes Crimes (Ch. 938 to 951) § 948.02.
[8] 33 LPRA § 5191(a).
[9] 4 LPRA § 536 et seq.
[10] 4 LPRA § 535 et seq.
[11] 31 LPRA § 5321.

Violentos y Abuso contra Menores en el Sistema de Información de Justicia Criminal del Departamento de Justicia[12].

Mediante la Ley Núm. 28-1997, aprobada en cumplimiento con la ley federal *Jacob Watterling Crimes Against Children and Sexually Violent Offender Registration Program*[13], se obligó a los estados y a los territorios como Puerto Rico a adoptar una legislación que creara un registro de ofensores sexuales[14]. De esta forma se reconoció la obligación del Estado de proteger a la ciudadanía y a las víctimas de este tipo de delito. En consideración a ello y a la peligrosa repetición en la sociedad de delitos sexuales o abuso contra menores, se creó un sistema que ordena la inscripción de personas convictas por delitos de esta naturaleza. El Registro de Ofensores Sexuales provee acceso tanto a las agencias del orden público, como a la ciudadanía en general, a la dirección y otros datos personales de las personas convictas por la comisión o tentativa de alguno de los siguientes delitos:

> [V]iolación, seducción, sodomía, actos lascivos o impúdicos; proxenetismo, rufianismo o comercio de personas cuando la víctima fuere menor de dieciocho (18) años y el delito agravado; delito contra la protección a menores, incesto, restricción de libertad cuando la víctima fuere menor de dieciséis (16) años y no fuere su hijo, secuestro cuando la víctima fuere menor de dieciocho (18) años y no fuere su hijo, robo de menores, perversión de menores cuando se admitiere o retuviere a un menor de dieciocho (18) años en una casa de prostitución o sodomía; maltrato agravado de un menor y agresión sexual conyugal, comprendidos en los Artículos 99, 101, 103, 105, 110(a) y (c) y 111, 115, 122, 131(e), 137 A(a), 160 y 163(e) de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y en los Artículos 3.2(g) y 3.5 de la Ley Núm. 54 de 15 de agosto de 1989, respectivamente; y el delito de maltrato a menores establecido en los Artículos 37 y 38 de la Ley 75 de 28 de mayo de 1980, según enmendada. Art. 3 (a) de la Ley Núm. 28, *supra.* 4 LPRA sec. 535 (derogada)[15].

Ahora bien, el Art. 3(d) de la Ley Núm. 28-1997 exime de la obligación de registrarse a toda aquella persona "que, **al momento de aprobarse esta**

---

[12] En *Pueblo* v. *Ferrer Maldonado*, 201 DPR 974,995 (2019), citando a *Pueblo* v. *Hernández García, 186 DPR 656 (2012)* y al referirse a la enmienda de la Ley 266-2004 por la Ley Núm. 243-2011, el Tribunal Supremo expuso que esta *"es una ley civil, no penal y de carácter no punitivo".*

[13] 42 USC § 14071 et seq.

[14] *Pueblo* v. *Ferrer Maldonado*, 201 DPR 974, 981-982 (2019).

[15] 4 LPRA § 535(a).

**Ley, se encuentren en libertad por haber cumplido la sentencia impuesta** por la comisión de alguno de los delitos enumerados en esta Ley"[16]. Esto implica que, la persona cuya sentencia se extinguió previo a la aprobación de la creación del Registro de Ofensores Sexuales por la Ley Núm. 28-1997, no tiene la obligación de inscribirse en dicho Registro. Vale destacar que, la ley *Jacob Watterling Crimes Against Children and Sexually Violent Offender Registration Program*, establece lo siguiente[17]:

> (5) Registration for change of address to another State
>
> A person who has been convicted of an offense which requires registration under this section shall register the new address with a designated law enforcement agency in another State to which the person moves not later than 10 days after such person establishes residence in the new State, **if the new State has a registration requirement**[18].

De manera que, el traslado desde Wisconsin de la persona obligada previamente a inscribirse en el Registro de Ofensores Sexuales le obliga a continuar su inscripción en la nueva jurisdicción, **si esta última se lo requiere**. En tal sentido, en nuestra jurisdicción, la Ley 28-1997 fue derogada por la Ley Núm. 266-2004, conocida como la Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores[19]. Esta última mantuvo el propósito de su antecesora de proteger a la ciudadanía de los convictos por la comisión de delitos sexuales y abuso de menores[20]. Su Art. 3(d) dispone:

> (d) Quedarán registradas las personas que al momento de la aprobación de esta Ley, tenían la obligación de registrarse bajo la Ley Núm. 28 de 1 de Julio de 1997, según enmendada. Asimismo, no tendrán la obligación de registrarse las personas que, al momento de aprobarse esta Ley, hayan extinguido la pena impuesta por la comisión de alguno de los delitos enumerados en este Artículo[21].

---

[16] Íd.(d) Énfasis nuestro.

[17] 42 U.S.C. §14071(b (5)). El registro de Ofensores Sexuales de Wisconsin fue creado en 1993. Véase: 1993 Wis. Act 98 § 116; Wis. Stat. § 175.45 (1993–94). Según el W.S.A. 301.45, la obligación de cumplir con el requisito de inscripción se extiende a las personas convictas por ofensa sexual en o después del 25 de diciembre de 1993. Véase: Wis. Stat. § 301.45 (1g) (b).

[18] Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program, 42 U.S.C. 14071 b (5). Énfasis nuestro.

[19] 4 LPRA § 536 et seq.

[20] Exposición de Motivos, Ley Núm. 266-2004, 4 LPRA § 536 et seq.

[21] 4 LPRA § 536a.

Mediante la Ley Núm. 243-2011, la Legislatura enmendó, entre otros, el Artículo 3 de la Ley Núm. 266-2004[22]. En cuanto a la obligación de registrarse, el inciso (a) de dicho Artículo dispone que "[q]uedarán registradas las personas que, al momento de la aprobación de esta ley, tenían la obligación de registrarse bajo la Ley 28-1997, según enmendada[23]".

### III.

En el presente caso, el 26 de abril 1989 Rivera Medina fue sentenciado a cumplir ocho (8) años de cárcel. El 9 de diciembre de 1991 fue notificado por la *Wisconsin Parole Commission* que sería puesto en libertad supervisada por el resto de su *Sentencia* (5 años y 3 días). Excarcelado efectivamente el 8 de enero de 1992, Rivera Medina extinguió la *Sentencia* en su totalidad el 11 de enero de 1997. A esa fecha no existía en Puerto Rico el Registro de Ofensores Sexuales, creado posteriormente en virtud del estatuto que entró en vigor el 1 de julio de 1997.[24] Ello así, nuestro estatuto no fue la fuente de la obligación del registro de Rivera Medina sino el estatuto de Wisconsin[25]. Sin duda, tras haberse dictado *Sentencia* en su contra el 26 de abril de 1989 por ocho (8) años, Rivera Medina tenía la obligación previa de inscribirse en el Registro de Ofensores Sexuales del estado de origen, Wisconsin.

En tal sentido, la orden del Tribunal de Wisconsin a que Rivera Medina se inscribiera en el Registro de Ofensores Sexuales por un periodo de quince (15) años de haberse cumplido su *Sentencia*, no constituye fuente de obligación en nuestra jurisdicción a anotarse en nuestro Registro. Nótese que, a la fecha de su traslado a Puerto Rico en 1992, aún no se había creado el Registro de Ofensores Sexuales en nuestra jurisdicción, por lo que no había fuente legal que le ordenara registrarse. Ello así, no se da el supuesto establecido en la Sección 14071(b)(5) del estatuto de Wisconsin de que al

---

[22] 4 LPRA § 536.
[23] 4 LPRA § 536a.
[24] 4 LPRA § 535.
[25] Wisconsin Statutes 301.45 (1g) (b). Who is covered. Except as provided in subs. (1m) and (1p), a person shall comply with the reporting requirements under this section if he or she meets one or more of the following criteria: (b) Is in prison, a juvenile correctional facility, or a secured residential care center for children and youth or is on probation, extended supervision, parole, supervision, community supervision, or aftercare supervision on or after December 25, 1993, for a sex offense. Wis. Stat. § 301.45 (1g) (b).

trasladarse debía ser incluido en el Registro de Ofensores Sexuales de la nueva jurisdicción, en este caso, Puerto Rico[26]. A pesar de ello, Rivera Medina se inscribió en el Registro de Ofensores Sexuales de Puerto Rico a partir del 7 de enero de 2003. Del expediente surge que se mantuvo cumpliendo su registro trimestral Tipo-3 estipulado en la Ley 266-2004[27].

Somos conscientes de que, en *Pueblo* v. *Ferrer Maldonado*,[28] el Tribunal Supremo de Puerto Rico resolvió que, al ser una ley de carácter civil, la aplicación retroactiva de la Ley Núm. 243-2011 a aquellas personas con la obligación de inscribirse en el Registro de Ofensores Sexuales bajo la Ley 28-1997, no viola la prohibición constitucional contra las leyes *ex post facto.* Sin embargo, como hemos destacado, el caso de Rivera Medina se distingue de *Pueblo* v. *Ferrer Maldonado* debido a que, en este último, Ferrer Maldonado tenía la obligación **previa** de inscribirse. A pesar de que transcurrió el término de diez (10) años de permanecer en el Registro que requería la Ley Núm. 28-1997, por virtud de la Ley Núm. 266-2004, según enmendada por la Ley Núm. 243-2011, se extendió la obligación a un registro vitalicio.

Por el contrario, como hemos dicho, Rivera Medina extinguió su *Sentencia* antes de que se creara en Puerto Rico la Ley del Registro de Ofensores Sexuales el 1 de julio de 1997[29]. Así que, el estatuto del cual surge la obligación de registrarse en Puerto Rico es el Wisconsin Statutes 301.45 (1g) (b)[30]. No habiendo obligación previa de Rivera Medina de ser incluido en

---

[26] 42 U.S.C. § 14071(b)(5).
[27] 4 LPRA § 536 et seq.
[28] 201 DPR 974 (2019).
[29] 4 LPRA § 535.
[30] (1g) Who is covered. Except as provided in subs. (1m) and (1p), a person shall comply with the reporting requirements under this section if he or she meets one or more of the following criteria: (b) Is in prison, a juvenile correctional facility, or a secured residential care center for children and youth or is on probation, extended supervision, parole, supervision, community supervision, or aftercare supervision on or after December 25, 1993, for a sex offense. Wis. Stat. § 301.45 (1g) (b).
A pesar de que la orden de inscribirse en el Registro de Ofensores Sexuales de Wisconsin por un término de 15 años fue emitida el 23 de septiembre de 1996, el Wisconsin Statutes 301.45 (1g) (b) obligaba a registrarse a las personas que fueren convictas en o después del 25 de diciembre de 1993 por la comisión una ofensa sexual. Entonces, tras haberse dictado sentencia en contra del señor Rivera Medina el 26 de abril de 1989 por 8 años, este tenía la obligación previa de inscribirse en el Registro de Ofensores Sexuales del estado de origen, Wisconsin.

el Registro de Ofensores Sexuales en Puerto Rico, no procede la aplicación retroactiva de la Ley Núm. 243-2011[31].

En resumen, si bien coincidimos con el Foro primario en que el trasladado a nuestra jurisdicción no le eximió de cumplir con el requisito de ser incluido en el Registro de Ofensores Sexuales de Wisconsin, no existía disposición legal que le obligara a ser incluido en el Registro de Ofensores Sexuales local, pues para el momento en que Rivera Medina fue trasladado a Caguas, Puerto Rico, o incluso, cuando cumplió su *Sentencia,* no existía el Registro de Ofensores Sexuales en nuestra jurisdicción. Por lo tanto, no cabe hablar de la aplicación retroactiva de la Ley Núm. 266-2004, según enmendada por la Ley Núm. 243-2011, que enmendó otra ley, Ley Núm. 28-1997, que nunca obligó a Rivera Medina.

IV.

Por los fundamentos antes expuestos, se *expide* el Auto de *Certiorari,* se *revoca* la *Resolución* recurrida y se ordena la remoción del señor Rivera Medina del Registro de Ofensores Sexuales.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[31] 4 LPRA § 536.